

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 2, 1948

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Attention: Hon. T. M. Trimble

Opinion No. V-534

Re: Expenditure of local
tax funds of a School
District, whose scho-
lastics are transfer-
red, to build a base-
ball field for the
community.

Dear Sir:

We refer to your opinion request of recent
date wherein we are advised that Center Point Common
School District has not maintained a school within the
past two years and has been transferring its scholastics
to the Carbon Independent School District. Center
Point has about $2,000.00 in local tax money in the de-
pository and it wants to spend this money on construc-
ting and lighting a baseball field for the community.

Query: May the trustees of this district
spend this local tax money for this pur-
pose?

While you did not so state, we assume for the
purpose of this opinion that the Center Point scholas-
tics are attending the Carbon District under the auth-
ority of Article 2699, Vernon's Civil Statutes, which
provides, in part:

". . . all the children residing in
a school district may be transferred to
another district, or to an independent dis-
trict, upon such terms as may be agreed up-
on by the trustees of said districts inter-
ested."

The authorized expenditures for which local
school funds from district taxes may be used are set
out in Article 2827, Vernon's Civil Statutes, which reads,
in part, as follows:

"The public free school fund shall
not be expended except for the following
purposes:

"2.  Local school funds from district
taxes, tuition of fees of pupils not en-
titled to free tuition and other local
sources may be used for the purposes enum-
erated for state and county funds and for
purchasing appliances and supplies, for the
payment of insurance premiums, janitors and
other employees, for buying school sites,
buying, building and repairing and rent-
ing school houses, and for other purposes
necessary in the conduct of the public
schools to be determined by the Board of
Trustees. . ."

Under this statute local school funds from dis-
trict taxes shall not be expended except for the specific
purposes enumerated therein and for other purposes nec-
essary in the conduct of the public schools to be deter-
mined by the local Board of Trustees.  Thus, the expendi-
ture of such funds may be made only for the purposes
enumerated and for other purposes necessary in the con-
duct of the public schools.  Public funds, among which
are included school funds, collected and designated by
statute to be used only for particular public purposes
cannot be lawfully diverted to the use of another parti-
cular public purpose.  San Benito Independent School
District v. Farmers' Bank, 78 S.W. (2d) 741; Madeley v.
Trustees of Conroe Independent School, 130 S.W.(2d) 929.

Under the facts submitted herein, it is contem-
plated that such local school funds from district taxes
shall be used for a public purpose, namely, for the con-
struction and lighting of a baseball field for the com-
munity, which is a purpose other than for which the
funds were collected and designated.  Such a use or di-
version is prohibited by Article 2827 and violates the
public trust principle announced in the cited San Benito
case.  A school district is but a trustee or guardian of
public funds coming into its possession, and may disburse
them only in the manner and for purposes prescribed by
law.  Love v. City of Dallas, 120 Tex. 351, 40 S.W.(2d)
20.

## SUMMARY

Common school district, whose scho-
lastics are transferred to another dis-
trict, may not use local tax money to
build a baseball field for community.
Art. 2827, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester F. Ollison*

Chester E. Ollison
Assistant

CEO:mw

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL